I call the docket today for Wednesday March 13 2013 our first case on the call the dockets agenda number five case number 1 1 4 0 4 0 people versus Carl Henderson counsel for the appellant please proceed thank you your honor may it please the court counsel my name is Brian cook and I represent the appellant in this case Carl Henderson mr. Henderson was denied his right to the effective assistance of counsel because his trial attorney failed to file a motion to gun that was a necessary part of the state's case against him even though such a motion had a reasonable probability of succeeding and changing the outcome of mr. Henderson's prosecution the appellate court agreed with mr. Henderson's argument that he was illegally seized when the police stopped the car and whiskey in which he was a passenger but held that the gun should not be suppressed because mr. Henderson had terminated that illegal seizure by fleeing subsequent to that seizure the state before this court does not contest the appellate courts holding that mr. Henderson was illegally seized but instead asked this court to adopt the appellate courts termination rule rather than conducting a traditional attenuation analysis in which the severity of the preceding police misconduct is weighed on a case-by-case basis against other factors the state argues that the defendants flight completely terminates the seizure and thus wipes the slate clean of any preceding police misconduct no matter how egregious that misconduct might have been this rule would undermine the deterrence of illegal searches and would also require courts to develop a new body of case law about when flight terminates a seizure a traditional attenuation analysis on the other hand is familiar and well-established and it allows trial judges to use their experience to weigh the relevant factors in each specific case to determine whether exclusion is necessary in that case to determine deter Fourth Amendment violations how would that analysis affect the facts in this case certainly the defendants flight from the officers would be a significant issue in an attenuation here it's certainly a factor but it should only be one factor under the state's analysis that would be the single factor that is this positive you could have no matter how egregious that the legal seizure was the defendants flight would be the only relevant factor and the evidence would automatically come in how about in this case we argue it from this case sure on our position would be that we do have a seizure in this case that violated binding US Supreme Court precedent in Florida versus jail a case that is very similar to this case police officers are trained to know that the Fourth Amendment and and they violated it clearly here the appellate court had no difficulty making that holding and even the trial court unprompted held at the end of trial that this was an illegal seizure so we have to weigh the severity of that misconduct here against the defendants flight we also have another factor in that analysis is the amount of time that passed between an illegal seizure and the recovery of evidence here there was very little time it was very soon after the car stopped the police you know got the other passengers out of the car were handcuffing them they then had mr. Henderson exit the car and it was at that point after they brought him over to the sidewalk that he fled so very little time passed between the illegal stopped and the flight another factor to look at is the extent to which the defendants abandonment was voluntary here the officers were unable to testify very clearly whether the defendant had actually reached into his waistband and dropped the gun intentionally or whether it just fell from his waistband how does that fit into the attenuation analysis that you suggested that would cut in favor of exclusion I think the more the more severe the defendants flight the more you know you could have cases in which for example the defendant leads police on a high-speed chase or in the course of his flight commits a battery against police officers that sort of flight would weigh more heavily against the defendant you can also have a case where the defendant does intentionally drop evidence rather than just perhaps having it fall out of his possession accidentally again that would be a circumstance in which that flight would weigh more heavily but all of these factors are things that it should be in the first instance the trial court should be weighing all of those factors not just looking at a single factor to determine whether or not the evidence should be excluded and the primary reason for that is the exclusionary rule as I said is its primary purpose is to an analysis an application of the exclusionary rule that makes police misconduct irrelevant to whether the evidence is going to be excluded then you're undermining that primary purpose you're allowing police officers to conduct illegal searches and seizures even severely illegal ones and knowing that as long as a defendant flees there will be no consequences for their legal actions the evidence will come in no matter how bad their misconduct has been also keeping with that theme I understand you distinguish Hodari if that's how you pronounce it but and I'm not so sure even the state disagrees with that but they do point out some language in Hodari dicta or not that addresses the situation we have here how do you address that well it addresses it to a point it does it does say that if a defendant is seized and then flees that would perhaps terminate the seizure but what they don't go on to address is what the consequences of that would be for the exclusionary rule they don't really address attenuation analysis in any detail or at all and that's the that's the key distinction the state's position is essentially that a a post seizure flight is no different than pre seizure flight but it ignores the very important difference between those two cases and that is the presence of an illegal search and seizure when you have a post seizure flight you do have that illegal search and seizure and there is that's sort of the predicate for conducting an attenuation analysis in the first place what's suppressing the evidence here just create an incentive for suspects to flee from the police and would that not cause some sort of a dangerous situation in today's world no I don't think so your honor for several reasons first of all a defendant's decision to flee it's it's kind of an impulsive split-second sort of decision it's not one where a defendant's going to have time to consider you know the costs and benefits you know the consequences you know for a subsequent criminal case before he flees and it would also require defendants to have a very sophisticated understanding of fourth amendment case law in order to even make that sort of calculation police officers on the other hand they are trained to understand the fourth amendment and they are in a position before they make a stop such as the car stop in this case to consider whether or not they have justification for that stop and what the consequences might be of conducting that stop in other words I think the police are more amenable to taking into consideration the decisions of this court and and applying those decisions to deter misconduct or otherwise and I a little bit no go ahead about this passing procedure with the testimony to establish how this is done and what percentage of those who have been unloaded from a car are handcuffed of the there were four people in the car that's correct there were three in the car we in the car and two officers any testimony from the officers about what usually happens when you unload a car all placed in handcuffs all been placed under arrest or some just released at that point there was no testimony of that sort I mean they they testified about what they did in this specific case and they had initially they handcuffed the driver and the other passenger first so we do have that testimony was this defendant the last to get out he was the last to get out yes getting back to your question about encouraging defendants to flee my other point would be you know as we talked about with Justice Tice even if a defendant flees that doesn't give a defendant a free pass the the defendants flight is still going to be a factor in the attenuation analysis so it's still going to count against the defendant so there's still a disincentive there to flee even if a defendant is aware of of the case law defendants certainly going to be better off not fleeing I don't recall if they testified that they plan to do so I would expect because they had cuffed the other two men in the car they probably would have cuffed defendant as well but I guess we don't know one way or the other I don't believe we are because I mean the officers offered a lot of testimony at trial about each of the factors that's relevant to determining whether or not the the initial car stop was illegal they testified about the tip that they received from the anonymous informant they testified about kind of the characteristics of that informant they testified about what they did after receiving the tip so we have a lot of evidence about that they also testified in in detail about what happened after they stopped the car exactly what their actions were before Mr. Henderson fled so we do have a very well-developed record to determine whether or not there is a reasonable probability that a motion to suppress would have succeeded and I think it's important to keep in mind that the the standard at this stage this court doesn't have to decide if the gun would be suppressed because we're raising a claim of ineffective assistance the record simply needs to show that there's a reasonable probability that that motion had a chance of succeeding and I think if defendant were to have raised this claim for the first time in a PC petition then given how well-developed the record is I think the defendant would have been deemed to have forfeited that and first instance in a post-conviction petition. Could it be argued that he fled before being ordered out of the car and if so how would that affect your analysis? That he fled before being seized? Right. I don't believe so I think the the leading case here would be Brenlin versus California that was a recent US Supreme Court case in which they held that the passenger of a car is normally have a seizure you have to have a reasonable person would wouldn't feel free to leave or decline the police encounter and then you also have to have submission to police authority and what the US Supreme Court said in Brenlin is when a car is stopped a passenger submits to police authority by staying in the car and that's what Mr. Henderson he stayed in the car as the police got the other two men out and cuffed them and then he additionally submitted to their authority by complying with their order to exit the car and then allowed the police officers to walk him from one side of the car to the other. It was only after all of those things that happened that he had fled so I think under Brenlin there there is definitely a seizure and no one has ever contested otherwise in this case. If your honors have no further questions Carl Henderson requests that this court find his trial attorney was ineffective for failing to motion to suppress the gun. The motion had a reasonable probability of succeeding and it was Mr. Henderson's strongest defense to this charge so no reasonable trial attorney would have failed to file such a motion given the facts in this case. Counsel was therefore ineffective and Mr. Henderson requested his case be remanded for suppression hearing to determine the admissibility of the gun. Thank you. Thank you. Counsel for the appellee. Good morning. May it please the court. Chief Justice Kilbride, Honorable Justices, Counsel. My name is Yvette Luis and I represent the people of the state of Illinois. It's the people's position that defense counsel in this case was not ineffective because any motion to suppress that would have been filed by defense counsel would have been futile as there's no reasonable probability that such a motion would have been successful in the trial court. The facts of this case show that the defendant was in a car with two other men. It was a distinct car, a tan Lincoln. Police officers were on routine patrol when a citizen flagged them down and said that there was a possible gun in a tan Lincoln. The officers continued their routine patrol and within five to ten minutes they spotted the tan Lincoln. They curbed the vehicle. They asked the passengers and the driver to come out of the vehicle. The defendant complied and did come out of the vehicle. And then as the officers were preparing to position him behind the car, presumably for safety reasons since they believed there was a gun in the car, the defendant ran and dropped a loaded .22 caliber weapon to the ground. Does the record indicate whether he dropped it or threw it? There's testimony from the police officer initially that he dropped it and then there's testimony that it fell from his waistband. The testimony is a little bit difficult to discern because during cross-examination counsel asked repeated questions about whether or not the police officer actually saw the gun in his hand or saw the gun when it hit the ground. The police officer testified that he saw the gun when it hit the ground. He never saw it in his hand. And so it's a little bit unclear as to whether he threw the gun to the ground or it fell as he was running. However, it's the people's position that that fact really doesn't change the analysis here because under any set of circumstances the defendant ran from the police and terminated the seizure. But initially I'd like to address the defense's position that because this was an unlawful seizure this court should conduct an attenuation analysis to determine whether or not the gun was properly admitted at trial. The people submit that the record in this case is deficient for that type of analysis. The police officers here testified to certain facts regarding the information that they received from the citizen informant but they weren't able to testify to or to elaborate on those facts because this wasn't a motion to elicit testimony about that. Defense counsel objected, which was proper as it would have been an improper hearsay. The record demonstrates that while the trial judge never actually sustained the objections in the sense that he said objections sustained, he did direct the police officer who was testifying to just explain what he had done next. So there's no testimony here where the very vague description of the citizen, that he was a black male in his 20s. Isn't it always going to be the problem when there's an ineffective assistance of counsel claim raised on appeal because the motion wasn't filed, there wasn't a hearing on all of these facts? Yes, I think that that is a problem quite frequently, Your Honor, and I think that's why this court in Butte discussed that exact situation and they referred to counsel claims for failing to file a motion to suppress are frequently better suited for post-conviction review. Let me ask you this, if that's your position, what kind of post-conviction petition in this case, let's say you left the State's Attorney's Office and you're on the other side, what kind of post-conviction petition could this defendant frame that would not be dismissed as being frivolous or would get past the first stage? Well, I think, Your Honor, that the defendant would probably raise very much the same arguments that he's raised here, but I think that when we're considering reviewing claims on post-conviction, we shouldn't only be considering them from the defendant's point of view. And Massaro tells us that and this court discusses it in Butte. It's not only to flesh out the facts of the case from the defendant's position, but it's also a question of fairness to the State. And in this case, the State wasn't permitted to elicit testimony from the defendants. I understand. Let's go back to what the PC would look like, though. Okay. So let's say the defendant filed a PC and says, my counsel was ineffective for failing to file this motion, and here's a record of the trial. Wouldn't the State come in and say, these issues are registered cata, it was all on the face of the record, and so therefore there's nothing outside of the record or as the record that would be appropriate for post-conviction review? I think that that would most certainly be the State's position. So the defendant is caught in between. He can't raise it on direct appeal and he can't raise it in a PC. But I think that the defendant could still raise it in a PC because in post-conviction, first of all, at the first stage, you only have to state the gist of a constitutional claim. So based on the facts that are in the record, the defendant could probably meet that initial threshold burden. At the second stage, the defendant could file the motion to dismiss, possibly granted, possibly not granted, but if as the case proceeded, there would be additional facts that could come in from both sides, and that's where the fairness issue comes in. The State also should have the opportunity to flesh out their claims and explain what the police officers saw, did, knew at the time, and they don't have that opportunity based on the record before this Court. At this point, I'd also like to address another issue regarding the sufficiency of the record that was brought up in the reply brief that the defendant filed. The defendant's position is that the people forfeited the argument that the record is insufficient to review this on direct appeal and that it's a matter for post-conviction review. The people would like to point out that this claim is not forfeited. While it's true that we didn't raise that issue in the appellate court, the people are not barred from raising that claim before this Court, and the cases cited by the defendant to show forfeiture are cases that demonstrate that the people are barred from raising the defendant's forfeiture if they haven't raised it below. But we're not barred from proceeding on a different theory of the case before this Court. Moving on to the next issue, while the people do not concede that the defendant was unlawfully detained in the first instance because, again, we believe that the record was insufficient to make that determination, any Fourth Amendment protection that defendant may have had, if we are assuming that there was a seizure, an illegal seizure, any Fourth Amendment that the defendant would have had dissipated when he made the independent decision to run from the police, the weapon fell to the ground and he was subsequently arrested. The defense talks about how the exclusionary rule is designed to make sure that police officers don't engage in misconduct. But the United States Supreme Court has recently said in Hudson v. Michigan that the exclusionary rule is supposed to be a last resort. And Hudson also made clear that Fourth Amendment analysis is not a but-for analysis. And that is the position that the defendant is asserting here today. That but-for the alleged illegal seizure, the defendant would have never dropped his weapon and run away. But that's not the appropriate analysis before this Court. Hudson makes clear, as did Wong-Sun and Hardari-Dee, that this Court must look to other factors. And in this case, there was an independent factor, defendant's decision to run away from the police. As a matter of public policy, while it is true that we don't want police officers to stop defendants for no good reason on the street or citizens for no good reason on the street, we also don't want citizens, particularly armed criminals like defendant, to make the decision as to whether or not they're going to abide by the rules that this Court has set forth or cut and run. And public policy dictates that we don't want citizens and police officers to be put in that kind of danger. When we're weighing the exclusionary rules policy against deterring police misconduct against citizen safety, as this Court, as the Court said in People v. Keys in the appellate court, we want that determination made by judges in courtrooms. We don't want that determination made on the street. Counsel, you're suggesting that this is a weighing that we must do here. That sounds like defendant's argument that we should look at this in terms of that. You seem to be suggesting that's what we should do, is weigh all of these things. No, Your Honor. I don't think that that is true. I don't think that an attenuation analysis is appropriate in this case because, again, attenuation analysis comes into play when the defendant has been seized for purposes of the Fourth Amendment and Fourth Amendment protections then come into play. In this case, the seizure was over. When the defendant made the decision to run, and any Fourth Amendment protection that he had dissipated, and the Fourth Amendment should not be viewed on a continuum as if there is an illegal seizure, we keep looking to see down the line, but for, but for, but for. That's not how it's intended to be done. It's not a but for analysis. In this case, the defendant made the decision to run, and once he ran, the seizure was over. The police then had probable cause to arrest him when they saw the gun hit the ground. And that is not an attenuation analysis. And I think that this Court's precedent supports that position. There's people versus Thomas, people versus Morris. In both of those cases, while it's true, as the defense points out, that the defendants in those cases were not seized to begin with. And in this case, if we're assuming that the this Court, in those cases, did not look to see, the issue wasn't that there was a seizure, and then the defendant ran. The issue was that the defendant ran. And that was what the Court looked at. If the, if hands aren't laid on the defendant, and the defendant isn't actually seized, then there's no amendment protection. The people submit that defense counsel, in this case, made a prudent strategic decision not to file a motion to suppress, because there was no reasonable likelihood of success on that motion. Criminal defense attorneys are not required to file feudal motions. And defense counsel, in this case, made a If there's no questions from this Court, the people ask that this Court reject defendants ineffective assistance of trial claim, and affirm the trial court's judgment in this case. Thank you. Thank you. Rebuttal? I'd just like to make a few brief points, your honors. First, I'd like to address the State's arguments about the sufficiency of the record, and whether this claim can be addressed on direct appeal. The State took the position in argument, and also in its eliciting evidence about the informant and the tip, because defense counsel had objected to a question about that on hearsay grounds. And the State kind of recognizes that that objection wasn't sustained. The judge, in ruling on that objection, allowed the officers to answer the questions that the State was posing, but simply said that he would consider that evidence only for a non-substantive, non-hearsay purpose, to show why the officers acted as they did. So that ruling didn't restrict the State's ability to present evidence in any way. The officers were still permitted to testify about their interaction with the informant. The State also argues that, in fairness to the State, it would not be, in this situation, if we were to address this claim on direct appeal, it doesn't have a chance to present facts to support its position about the legality of the seizure. But I would just point out, the Henderson's conviction to be reversed and the gun to be suppressed, we're not asking for an end to his prosecution. We're asking for a remand for suppression hearing, and the State would have an opportunity at that point to litigate all of these issues that it's concerned about. I think the State also underestimates the difficulty the defendant would face in raising this claim in a post-conviction petition. If a defendant were to simply file a post-conviction petition based on the evidence that was in the record, similar to what we have argued in our briefs, I think there's very little likelihood that a judge would let that get past first stage, rather than finding that it's barred by res judicata. If your honors have no further questions, we covered matters of attenuation pretty closely in the opening argument. I would just ask that this Court remand the case for a suppression hearing after finding that defense counsel was ineffective. Thank you. Thank you. Case number 114040, People v. Carl Henderson, taken under advisement as agenda number five.